ELECTRONICALLY FILED - 2024 Feb 15 3:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4200661

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF SPARTANBURG | ) | |
| | ) | |
| Steven D. Egge, MD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **SUMMONS** |
| Metropolitan Life Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is attached hereto and herewith served upon you, and to serve a copy of your answer to this Complaint upon the subscriber at **1225 South Church Street, Greenville, South Carolina 29605**, within thirty (30) days after service hereof, exclusive of the day of such service. If you fail to answer, appear or defend, the Plaintiffs will apply to the Court for the relief demanded in the Complaint and judgment will be taken against you by default.

Respectfully Submitted,

_s/John R. Peace_
John Robert Peace, SC Bar #15521
John Robert Peace, PA
PO Box 8087
Greenville, SC 29604-8087
Ph:    (864) 298-0500
Fax:   (864) 271-3130
John@PeaceLawFirm.com

February 15, 2024                    **Attorney for Plaintiff Steven D. Egge, MD**

ELECTRONICALLY FILED - 2024 Feb 15 3:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4200661

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF SPARTANBURG | ) | |
| | ) | |
| Steven D. Egge, MD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| Metropolitan Life Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Steven D. Egge, MD, by and through his undersigned counsel, complaining of the above-named Defendant Metropolitan Life Insurance Company would respectfully show unto this Honorable Court the following:

## JURISDICTION AND VENUE

1. Plaintiff Steven D. Egge, MD is a citizen and resident of Spartanburg County, South Carolina.

2. Upon information and belief, Defendant Metropolitan Life Insurance Company (hereinafter "Metlife") is a corporation organized under one or more of the States.

3. On August 15, 2004, Defendant Metlife issued a policy of disability income insurance to Plaintiff, identified by Policy Number 6437930AH.

## FACTUAL ALLEGATIONS

4. Prior to his disability, Plaintiff worked as a Pediatrician in Spartanburg, South Carolina.

5. Under the terms of the Metlife Policy Number 6437930AH, after the 90-day elimination period, Plaintiff is entitled to disability benefits if Plaintiff becomes Totally Disabled from his Regular Occupation to end of the Regular Occupation Period (age 65).

6.    Plaintiff became totally disabled from his Regular Occupation as a pediatrician as of November 5, 2021, due to cerebral atrophy causing ataxia and cognitive impairment.

7.    On December 17, 2021, Plaintiff applied for LTD benefits under the terms of Metlife Policy Number 6437930AH.

8.    In his initial application for Metlife disability benefits, Plaintiff explained that, due to loss of balance, ataxia, and memory loss, Plaintiff was unable to perform the material and substantial duties of his regular occupation as a pediatrician, including patient exams, minor surgical procedures, developing complex treatment plans, and computer work and data entry.

9.    In support of his disability claim, Plaintiff subsequently provided Defendant Metlife voluminous medical records from his primary care physician, his neurologist, and his physical therapist.

10.    On February 20, 2022, Plaintiff provided Defendant Metlife with a detailed written statement explaining why Plaintiff was disabled from practicing medicine as a pediatrician.

11.    At approximately the same time as his Metlife disability claim, Plaintiff filed a claim for Short Term Disability (STD) and Long Term Disability (LTD) benefits with his employer's LTD insurer Unum Life Insurance Company of America.

12.    Unum Life Insurance Company of America approved Plaintiff's claim STD benefits under an Own Occupation definition of disability through February 4, 2022.

13.    By letter dated March 7, 2022, Unum Life Insurance Company of America approved LTD benefits under an Own Occupation definition of disability with a date of disability of

ELECTRONICALLY FILED - 2024 Feb 15 3:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4200661

ELECTRONICALLY FILED - 2024 Feb 15 3:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4200661

November 6, 2021 and an LTD benefit start date of February 5, 2022.

14.    At approximately the same time as his Metlife disability claim, Plaintiff filed a claim for

Social Security Disability Income (SSDI) benefits.

15.    On July 6, 2022, Plaintiff attended an "Independent Neuropsychological Evaluation"

performed by Mark A. Williams, Ph.D., ABPP.

16.    On or about September 2, 2022, Defendant Metlife denied Plaintiff's claim for disability

benefits under Policy Number 6437930AH.

17.    On September 9, 2022, Plaintiff submitted an appeal of Defendant Metlife's September 2,

2022 denial decision.

18.    On September 23, 2022, Plaintiff retained counsel for the purpose of supplementing his

appeal of Defendant Metlife's denial decision.

19.    On November 18, 2022, Plaintiff's counsel submitted additional information to

Defendant Metlife in support of Plaintiff's claim, including but not limited to a written

statement from another physician working in the practice where Plaintiff had been

employed, concluding that:

It is in my opinion, both based on my experience working with Dr. Egge
and then becoming his  physician, that due to all that I have witnessed
and as he has reported, it is best for him and the well being of his patients
for him to refrain from holding the position of pediatric physician.

20.    On February 27, 2023, Plaintiff's counsel submitted additional medical information to

Defendant Metlife in support of Plaintiff's claim, including a medical opinion from

Plaintiff's neurologist, medical records from Plaintiff's neurologist, and a

Neuropsychological Consultation report.

21.    On February 27, 2023, Plaintiff's counsel submitted additional medical information to

ELECTRONICALLY FILED - 2024 Feb 15 3:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4200661

Defendant Metlife in support of Plaintiff's claim, including additional information and a written opinion from Plaintiff's Neuropsychologist.

22.    On April 12, 2023, Defendant Metlife again denied Plaintiff's on-going claim for disability income benefits under the Metlife Policy.

23.    On information and belief, Defendant Metlife hired a "consulting board-certified internist" to conduct a conference call with Plaintiff's neurologist.

24.    On June 2, 2023, Defendant Metlife wrote to Plaintiff's counsel to advise that Defendant Metlife had completed it's review of Plaintiff's neurology records and that Defendant had again upheld its decision to deny Plaintiff's claim for disability income benefits under the Metlife Policy.

25.    On June 30, 2023, Plaintiff's undersigned counsel wrote Defendant Metlife to request a complete copy of the claims file, for the purpose of submitting a comprehensive appeal of Defendant Metlife's denial of Plaintiff's claims for disability income benefits under the Metlife Policy.

26.    On July 7, 2023, Defendant Metlife responded to undersigned counsel's letter by providing a copy of Plaintiff's Policy, but Defendant Metlife refused to provide its claims file, writing that:

Please note that we respectfully decline your request to obtain a complete copy of our file, as any additional information contained in our file is considered confidential and proprietary to Metropolitan Life Insurance Company.

27.    On December 9, 2023, Plaintiff's undersigned counsel submitted a final appeal of Defendant Metlife's denial of Plaintiff's claim for disability income benefits under the Metlife Policy.

ELECTRONICALLY FILED - 2024 Feb 15 3:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4200661

28.   On December 18, 2023, the Social Security Administration approved Plaintiff's SSDI application under an Any Occupation definition of disability.

29.   On December 24, 2023, Plaintiff's undersigned counsel provided Defendant Metlife with notice that Plaintiff's SSDI claim had been approved.

30.   On January 29, 2024, Defendant Metlife again denied Plaintiff's claim for disability income benefits under the Metlife Policy.

31.   Despite Plaintiff's continuous total disability, Defendant Metlife has negligently, recklessly, and/or willfully failed to pay disability income benefits to Plaintiff as required by the Metlife Policy.

## FOR A FIRST CAUSE OF ACTION

### Declaratory Judgment

32.   All other allegations, to the extent that they are not inconsistent herewith, are hereby incorporated by reference.

33.   Defendant Metlife issued to Plaintiff a Policy of disability income insurance bearing Policy Number 6437930AH.

34.   This declaratory judgment action arises out of Defendant Metlife's repeated refusal to pay benefits due Plaintiff under the terms of the Metlife Policy.

35.   As alleged herein, Plaintiff has repeatedly provided Defendant Metlife with overwhelming evidence of Plaintiff's disability from his Regular Occupation as a Pediatrician.

36.   A justiciable controversy exists between the parties as to whether Defendant Metlife is obligated to pay disability income benefits under the terms of the Metlife Policy issued to

ELECTRONICALLY FILED - 2024 Feb 15 3:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4200661

Plaintiff.

37.    Pursuant to the S.C. Uniform Declaratory Judgments Act, S.C. Code §15-53-10 *et seq.*, Plaintiff seeks a declaration of the rights, status and other legal relations of the parties under the Metlife Policy.

38.    WHEREFORE, Plaintiff seeks declaratory judgment from this Court regarding the rights and responsibilities of the parties under the Metlife Policy issued by Defendant Metlife:

    a.    Declaring that Plaintiff is entitled to disability income benefits under the terms of the LTD policies;

    b.    Declaring that Plaintiff is entitled the legal rate of interest on the disability income benefits due Plaintiff from the date of Plaintiff's disability to the date of judgment;

    c.    Declaring that Plaintiff is due additional disability benefits into the future;

    d.    For other such relief as this Court may deem just and equitable.

## FOR A SECOND CAUSE OF ACTION

### Breach of Contract

39.    All other allegations, to the extent that they are not inconsistent herewith, are hereby incorporated by reference.

40.    On August 14, 2004, Plaintiff and Defendant Metlife formed a mutually-binding contract for the purpose of insuring against the Plaintiff's risk income loss in the event that Plaintiff became disabled in the future.

41.     As alleged herein, Plaintiff became totally disabled from his Regular Occupation as a pediatrician as of November 5, 2021, due to cerebral atrophy causing ataxia and cognitive

impairment.

42.   Defendant Metlife breached the Disability Income Insurance Policy issued to Plaintiff when Metlife wrongfully refused to pay benefits due Plaintiff under the terms of the Metlife Policy.

43.   Defendant Metlife breached the express terms of the Disability Income Insurance Policy when Metlife denied Plaintiff's claim as alleged herein.

44.   As a direct and proximate result of Defendant Metlife's breach of contract, Plaintiff Steven Egge has suffered contract damages in the form of unpaid Disability Income benefits under the terms of the Metlife Policy.

### FOR A THIRD CAUSE OF ACTION

### Bad Faith Refusal to Pay First Party Insurance Benefits

45.   Plaintiffs hereby re-assert all other allegations contained herein as if fully re-stated below.

46.   The Disability Income Insurance Policy issued by Defendant Metlife is a mutually-binding contract of insurance between Plaintiff and Defendant Metlife.

47.   Acting in a negligent, reckless, and willful manner, Defendant Metlife has unreasonably refused to pay Disability Income benefits under the terms of the Metlife Policy.

48.   Upon information and belief, Defendant Metlife has acted unreasonably and in bad faith in breach of the implied covenant of good faith and fair dealing arising under the Metlife Policy.

28.   As a direct and proximate result of Defendant Metlife's negligent, reckless, and willful conduct, Plaintiff has suffered damages, including but not limited to the loss of Disability Income benefits due Plaintiff, consequential damages, and severe financial and emotional

ELECTRONICALLY FILED - 2024 Feb 15 3:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4200661

ELECTRONICALLY FILED - 2024 Feb 15 3:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4200661

distress.

WHEREFORE, Plaintiff Steven D. Egge, MD demands trial by the Court for actual and punitive damages against Defendant Metlife, to be determined by the Court as will fully compensate Plaintiff for the benefits due for his Disability Income Insurance claim, Plaintiff's consequential and incidental damages, for the costs of this action, and for such other relief as this Court deems just and equitable.

Respectfully Submitted,

_s/John R. Peace_____
John Robert Peace, SC Bar #15521
John Robert Peace, PA
PO Box 8087
Greenville, SC 29604-8087
Ph:     (864) 298-0500
Fax:    (864) 271-3130
John@PeaceLawFirm.com

February 15, 2024                    **Attorney for Plaintiff Steven D. Egge, MD**